UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-69-RJC

| | |
|---|---|
| BILLY RAY MANEY, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | **ORDER** |
| ) | |
| RICHARD NEELY, Superintendent, ) | |
| Piedmont Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court on review of Petitioner Billy Ray Maney's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, (Doc. No. 1). For the following reasons, the petition will be dismissed as untimely.

## I. BACKGROUND

Petitioner Billy Ray Maney, a prisoner of the State of North Carolina, was convicted by a jury of first-degree sexual offense pursuant to N.C. GEN. STAT. § 14-27.4(A) on or about November 17, 2000, in Buncombe County Superior Court, the Honorable Ronald K. Payne presiding. (Doc. No. 1-1 at 1). Petitioner was sentenced to 250-309 months' imprisonment. (Id.). Petitioner appealed his conviction and on July 16, 2002, the North Carolina Court of Appeals affirmed his conviction. State v. Maney, 565 S.E. 2d 743 (N.C. Ct. App. 2002). Plaintiff subsequently attempted to file an appeal with the North Carolina Supreme Court, and the North Carolina Supreme Court dismissed his appeal on February 27, 2003. State v. Maney, 578 S.E. 2d 324 (N.C. 2003).

On October 11, 2006, Petitioner filed a pro se motion for appropriate relief ("MAR") in

1

Buncombe County Superior Court. (Doc. No. 1-6). The MAR Court denied the MAR on August 30, 2007. See (Doc. No. 1 at 3). On February 28, 2008, Petitioner filed a Motion for Reconsideration of the MAR Court's Order, which the MAR Court denied on June 29, 2008. (Doc. No. 1 at 4; Doc. No. 1-7). On June 10, 2008, Petitioner filed a Petition for Writ of Certiorari in the North Carolina Court of Appeals, which the Court of Appeals denied on June 30, 2008. (Doc. No. 1-8 at 18).

On March 7, 2013, Petitioner placed the instant Section 2254 petition in the prison mail system, and the petition was stamp-filed in this Court on March 15, 2013. Petitioner alleges the following grounds for relief in the petition: (1) the trial court erred in dismissing Petitioner's motion to suppress statements Petitioner made to a psychologist; (2) the trial court erred by granting the state's motion in limine forbidding Petitioner from admitting evidence of a prior statement acquitting him of a first-degree rape charge involving the same victim; (3) the trial court erred by improperly instructing the jury on failure to reach a verdict and failing to grant a mistrial; and (4) ineffective assistance of counsel where counsel persuaded Petitioner to make a pre-trial admission of child sexual abuse to a person who was required by law to report it to authorities.

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs habeas courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id. After reviewing the record in this case, the Court finds that no response from the government is necessary.

2

**III. DISCUSSION**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Furthermore, for convictions that became final before the AEDPA's effective date, the limitations period began to run on April 24, 1996, the effective date of the Act. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). The one-year limitations period is tolled during pendency of a properly filed state post-conviction proceeding. See 28 U.S.C. § 2244(d)(2).

Here, Petitioner pursued a direct appeal with the North Carolina Supreme Court, but nothing in the record indicates that he filed a petition for writ of certiorari with the U.S. Supreme Court. Petitioner's conviction, therefore, became final on or around May 28, 2003, or ninety days after the North Carolina Supreme Court's dismissal of his appeal, when the time in which he could have filed a petition for discretionary review in the U.S. Supreme Court expired.[1] See

---

[1] In determining the date Petitioner's conviction became final, the Court is assuming that

3

Clay v. United States, 537 U.S. 522 (2003). The one-year limitations period then ran for 365 days and expired on May 28, 2004. Petitioner placed his petition in the prison mail system on March 7, 2013, and it was stamp-filed in this Court on March 15, 2013. Thus, the petition is time-barred. The filing of motions after the expiration of the one-year limitations period did not revive the period of limitation. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (concluding that the Section 2254 petition was "clearly time-barred," where the petitioner had moved for post-conviction relief in state court only after the time limitation had expired).

In Section 18 of the petition regarding timeliness, Petitioner argues that the petition is timely under 28 U.S.C. § 2244(d)(1)(B), which provides that a habeas petition must be filed within one year of the date "on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." See (Doc. No. 1 at 13). Petitioner contends that he "was prevented from filing his petition by the actions of his successive state defense attorneys which created an impediment in violation of [§] 2244(d)(1)(B)." (Id.). Petitioner contends that he did not file his habeas petition within one year of his conviction because "his successive state defense attorneys [removed] themselves from his case and new attorneys [took] over his case without any of the attorneys advising Petitioner that he had a one-year limitation period to file his habeas petition." (Id.).

An attorney's failure to ensure that a petitioner filed his habeas petition on a timely basis is not an "impediment" within the meaning of § 2244(d)(1)(B). See Lawrence v. Florida, 421

---

Petitioner's appeal to the North Carolina Supreme Court was timely. In any event, the petition is time-barred, as the petition was filed almost ten years after the North Carolina Court of Appeals affirmed Petitioner's conviction.

F.3d 1221, 1226 (11th Cir. 2005) (an incompetent attorney "is not the type of State impediment envisioned in § 2244(d)(1)(B)"). Therefore, § 2244(d)(1)(B) does not render the petition timely. Furthermore, Petitioner's trial and appellate counsels' alleged failure to inform Petitioner of the one-year limitations period is not an "extraordinary circumstance" that justifies equitable tolling, particularly where Petitioner waited almost ten years after his conviction became final to file his petition. To be entitled to equitable tolling, a petitioner must show that he has been pursuing his rights diligently and that some extraordinary circumstances stood in the way of him filing the petition in a timely manner. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Here, Petitioner has not made the requisite showing that equitable tolling is appropriate, and the petition must be dismissed as untimely.

## IV.    CONCLUSION

For the reasons stated herein, Petitioner's § 2254 motion is untimely, and the petition will therefore be dismissed.[2]

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Section 2254 motion, (Doc. No. 1), is **DENIED** and the petition is **DISMISSED**; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2);

---

[2] The Court is aware of the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), that a court must warn a petitioner that his case is subject to dismissal before dismissing a petition as untimely filed when justice requires it. Here, however, such warning is not necessary because, in his Section 2254 petition, Petitioner addressed the statute of limitations issue thoroughly. Furthermore, Petitioner's explanation indicates no confusion over the timeliness issue.

Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: April 29, 2013

Robert J. Conrad, Jr.
Chief United States District Judge